

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00351-CV

**IN THE INTEREST OF R.G.M.R.**, a Child

From the 150th Judicial District Court, Bexar County, Texas
Trial Court No. 2017-PA-01101
Honorable Richard Garcia, Associate Judge Presiding

PER CURIAM

Sitting:      Sandee Bryan Marion, Chief Justice
              Luz Elena D. Chapa, Justice
              Irene Rios, Justice

Delivered and Filed:  July 18, 2018

DISMISSED FOR WANT OF JURISDICTION

Appellant filed a notice of appeal, stating he "desires to appeal the *Memorandum of Associate Judge's Order* signed on or about May 16, 2018." The Memorandum of Associate Judge's Order was a signed order terminating appellant's parental rights to his child, R.G.M.R. The Memorandum of Associate Judge's Order also suspended all visitation R.G.M.R. had with her mother. R.G.M.R.'s mother timely requested a de novo hearing. The associate judge thereafter signed an amended order on June 22, 2018.

The record does not indicate that R.G.M.R.'s mother waived her right to a de novo hearing. *See* TEX. FAM. CODE § 201.015(g). When R.G.M.R.'s mother timely filed a request for a de novo hearing, the trial court was required to hold a hearing. *See id.* § 201.015(f). Therefore, the amended

order is not a final, appealable order. *See In re J.A.D.L., Jr.*, No. 04-18-00141-CV, 2018 WL 1936866, at *1 (Tex. App.—San Antonio Apr. 25, 2018, no pet. h.) (mem. op.).

On June 15, 2018, we ordered appellant to show cause in writing by July 5, 2018, why this appeal should not be dismissed for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a). Appellant filed a timely response, stating the trial court's order terminating his parental rights is final as to him. However, his response acknowledges the trial court's amended order is still "subject to the Mother's de novo hearing, currently set on July 16, 2018." *See* TEX. FAM. CODE. § 201.007 (providing an associate judge's final order "becomes final after the expiration of the period [of time to request a de novo hearing] if a party does not request a de novo hearing in accordance with that section."). Because the amended order is not a final, appealable order, we must dismiss this appeal for want of jurisdiction. *See In re J.A.D.L., Jr.*, 2018 WL 1936866, at *1 (dismissing appeal when one parent timely requested a de novo hearing and the other timely appealed).

PER CURIAM